UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNIE JUDKINS and
PHILLIS JUDKINS,

        Plaintiffs,                        No. 12-CV-14706

vs.                                              Hon. Gerald E. Rosen

HSBC MORTGAGE SERVICES;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM; REGIONS
BANK; COLLATERAL MANAGER CINDY
CAMPS; EQUIFIRST CORPORATION, and
ASSISTANT VICE PRESIDENT
JULIE COONEY,

        Defendants.
_____/

MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS REGIONS BANK, EQUIFIRST CORPORATION, AND
JULIE COONEY'S MOTIONS TO DISMISS AND DISMISSING
<u>PLAINTIFFS' COMPLAINT, IN ITS ENTIRETY</u>

At a session of said Court, held in the
U.S. Courthouse, Detroit, Michigan
on _____

PRESENT:   Honorable Gerald E. Rosen
                     United States District Chief Judge

Plaintiffs Arnie Judkins and his wife, Phillis Judkins, acting *pro se*, filed their Complaint in this action in Wayne County Circuit Court on August 27, 2012 seeking to quiet title to real property located at 276 King Street in Detroit, Michigan and to relieve them from their mortgage on the property. Defendant Regions Bank removed the action

1

to this Court.  Defendants Equifirst Corporation and Julie Cooney concurred in the removal.  It does not appear that the other named defendants, HSBC Mortgage Services ("HSBC"), Mortgage Electronic Registration System ("MERS") and Cindy Camp were ever served with process, and the summonses for these Defendants expired on November 26, 2012.  *See* Ex. C to Notice of Removal.

Following removal of the case, on October 24, 2012, Regions Bank filed a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.  Defendants Equifirst and Julie Cooney thereafter also filed motions to dismiss.  On December 6, 2012, the Court ordered Plaintiffs to respond to these motions by December 31, 2012.  Plaintiffs have failed to comply with the Court's Order.

Having reviewed and considered Plaintiffs' Complaint and the exhibits attached thereto, and Defendants' motions and briefs, the Court has determined that, for the reasons stated in Defendants' briefs, Plaintiffs' complaint should be dismissed in its entirety.

Fed. R. Civ. P. 12(b)(6) authorizes this Court to dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." Dismissal is appropriate if the plaintiff's allegations, accepted as true, do not satisfy the elements of a viable cause of action.  *G.M. Eng'rs and Assocs, Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations

and modifications omitted). This includes a pleading that lacks sufficient details to notify the defendants of the factual and legal basis for their complaint, i.e., the "who, what, where, when, how or why." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 437 (6th Cir. 2008). A properly pleaded complaint requires "more than an unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As previously noted by this Court, a Complaint is properly dismissed when it is "devoid of any factual allegations whatsoever as to any act committed by [the defendants]." *Gant v. EMC Mortgage,* No. 11-cv-12204, 2011 WL 4889124 at *2 (E.D. Mich. Oct. 13, 2011). Plaintiffs must allege "what happened, when it happened, who perpetrated the alleged illegal conduct, where the harm occurred or the role of . . . the named defendants in harming Plaintiff." *Id*. The same rules apply to litigants not represented by counsel. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir.1989) ("The leniency with which courts construe pro se plaintiffs' complaints, however, does not abrogate the basic pleading requirements designed to ensure that courts do not have to guess at the nature of the claim asserted.").

Plaintiffs Complaint in this case falls woefully short of the pleading requirements set forth by the United States Supreme Court. Plaintiffs have filed suit against all entities that were supposedly associated with a mortgage agreement between Plaintiffs and Defendant MERS, as nominee for the lender, Regions Bank. *See* Exhibit B to Plaintiffs' Complaint. The Mortgage secured a promise to repay $220,500 loaned to Plaintiffs by

Regions Bank on January 2, 2004.  According to the documents attached to Plaintiffs' Complaint, this loan is presently owned by HSBC Mortgage.  See Complaint, Ex. F. However, none of the allegations in Plaintiffs' Complaint give rise to any cognizable claim against Defendants Equifirst, Julie Cooney or Regions Bank. There is no allegation as to what the movants did, why their conduct was wrongful, or how Plaintiffs were supposedly harmed by it.

For these reasons and for the reasons set forth in Defendants' briefs,

IT IS HEREBY ORDERED that the Motions to Dismiss filed by Defendants Regions Bank, Equifirst Corporation and Julie Cooney **[Dkt. Nos. 3, 12, and 13]** are GRANTED and Plaintiffs' Complaint against these defendants is hereby DISMISSED, WITH  PREJUDICE.

IT IS FURTHER ORDERED that Plaintiffs' Complaint against Defendants HSBC, MERS, and Cindy Camp is DISMISSED, WITHOUT PREJUDICE, for failure to prosecute.

S/Gerald E. Rosen  
Chief Judge, United States District Court

Dated:  January 10, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 10, 2013, by electronic and/or ordinary mail.

S/Julie Owens  
Case Manager

4