UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNIE JUDKINS and
PHILLIS JUDKINS,

        Plaintiffs,                              No. 12-CV-14706

vs.                                                Hon. Gerald E. Rosen

HSBC MORTGAGE SERVICES;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEM; REGIONS
BANK; COLLATERAL MANAGER CINDY
CAMPS; EQUIFIRST CORPORATION, and
ASSISTANT VICE PRESIDENT
JULIE COONEY,

        Defendants.
_____/

ORDER DENYING PLAINTIFFS' RULE 60(b) MOTION AND DENYING MOTION
FOR DEFAULT JUDGMENT AS TO HSBC AND MERS, WITHOUT PREJUDICE

                   At a session of said Court, held in
                  the U.S. Courthouse, Detroit, Michigan
                  on April 18, 2013

                  PRESENT:   Honorable Gerald E. Rosen
                                      United States District Chief Judge

On January 10, 2013, this Court entered an Opinion and Order granting Defendants Regions Bank, Equifirst Corporation and Julie Cooney's Motions to Dismiss and accordingly dismissed Plaintiffs' claims against these Defendants, with prejudice. Further, as there was nothing of record establishing that Defendants HSBC and MERS were ever served with process in this matter, and as the summonses for these Defendants

to respond had long expired, the Court also dismissed Plaintiffs' claims against HSBC and MERS, without prejudice, for failure to prosecute.

Plaintiffs now have returned to court and have filed a Fed. R. Civ. P. 60(b) Motion for Relief from Judgment and also have filed a Motion for Default Judgment, asking the Court to enter a Default Judgment in the amount of $220,500.00 against Defendants HSBC and MERS. In support of both of these motions, Plaintiffs have attached to their briefs copies of registered mail return receipts which appear to evidence service upon HSBC and MERS on September 4, 2012, i.e., more than a month before the case was removed from Wayne County Circuit Court to this Court by Defendant Regions Bank. *See* Ex. A to Plaintiffs' Rule 60(b) Motion, Dkt. # 20; Ex. A & B to Plaintiffs' Motion for Default Judgment, Dkt. # 22.[1] These purported proofs of service, however, were never filed either in this Court or in the state court, *see* 10/23/12 Register of Actions in Wayne County Case No. 12-011398-CH, Ex. C to Notice of Removal, Dkt. # 1-4. Under Fed.R.Civ.P. 4(l)(1), "[u]nless service is waived, proof of service *must* be made to the court." There being nothing of record at the time of entry of the January 10, 2013 Judgment to show that Defendants HSBC and MERS had been properly and timely served with process, the Court did not err in dismissing Plaintiff's claims against these two defendants, without prejudice, for failure to prosecute. Under these circumstances,

---

[1] These return receipts are not signed by an agent of either Defendant HSBC or MERS or anyone else; however, they each are stamped "received" with stamps bearing the respective Defendants' names and the date of receipt. The Court expresses no opinion at this time as to whether these stamped receipts, without any signatures, are sufficient evidence of service of process.

Rule 60(b) relief is not appropriate.

Both the United States Supreme Court and this Court have repeatedly held that relief under Rule 60(b) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackermann v. United States*, 340 U.S. 193, 202 (1950); *Mallory v. Eyrich*, 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare & Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985), *cert. denied*, 474 U.S. 1104 (1986). Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).

No such situation is presented here. It was Plaintiffs' obligation to ensure that all pertinent papers were duly filed and made part of the record of this case. Rule 60(b) is no vehicle to cure a party's own error.

With respect to Plaintiffs' Motion for Default Judgment against Defendants HSBC and MERS, default judgment is not appropriate either because there has been no clerk's entry of default against either defendant. *See Adams v. Wilmington Finance/AIG*, 2012 WL 2906114 at *1 (E.D. Mich., Apr. 13, 2012); *Colston v. Cramer,* 2008 WL 559579 (E.D.Mich. Feb.26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment."); *Heard v. Caruso*, 351 Fed.Appx. 1, 15–16 (6th Cir.2009) ("Prior to

obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2682, at 13 (3d ed.1998)). Thus, until the clerk enters a default against a party, that party, by definition, is not yet in default. *The Private Bank and Trust Co. v. Duncan*, 2010 WL 1417820 at * 1 (E.D. Mich., Mar. 8, 2010).

Further, as indicated above, there have been no entries on the docket showing that HSBC and MERS have been served with process. Thus, to the extent there is no evidence that these defendants have been properly served with process, this court maintains no jurisdiction over them and thus no default or default judgment can be entered against them. *Washington v. Doe*, 2007 WL 5174829 (E.D.Mich. Nov.28, 2007).

Additionally, Rule 5(a) requires the service of every pleading filed after the original complaint and the service of all written notices, appearances, demands, offers of judgment, or "other similar paper[s]." Fed.R.Civ.P. 5(a). This language is intended to be extremely broad and encompasses every document filed, including motions. As Plaintiffs never obtained a clerk's entry of default, no clerk's entry was served on Defendants. And, there is no evidence that Plaintiffs ever even attempted serving HSBC or MERS with their motion fo default judgment, either.

For all of the foregoing reasons, the Court concludes that Plaintiffs are not entitled to the relief they seek. Therefore,

4

IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief Under Rule 60(b) **[Dkt. # 20]** is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Default Judgment **[Dkt. # 22]** is DENIED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: April 18, 2013

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 18, 2013, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, (313) 234-5135